IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:19-CR-166-FL-1

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| FURMAN ALEXANDER FORD ) | |

This matter comes before the court on defendant's motion to dismiss all charges with prejudice pursuant to the Speedy Trial Act, 18 U.S.C. § 3161 et seq. (DE 63). The issues raised have been briefed fully and in this posture are ripe for ruling. For the reasons that follow, defendant's motion is granted in part and denied in part.

## BACKGROUND

On April 17, 2019, defendant was indicted on 11 counts of mail fraud, in violation of 18 U.S.C. § 1341, and 11 counts of wire fraud, in violation of 18 U.S.C. § 1343. The indictment alleged defendant exploited 72-year-old victim E.J. by fraudulently withdrawing approximately $246,000.00 from E.J.'s variable annuity trust. Defendant was arrested on April 22, 2019, and the defendant came before the court for initial appearance later that same day. The court appointed the federal public defender to represent defendant, and the government moved for detention pending trial. Defendant was temporarily detained, but he was released on conditions following detention hearing on April 26, 2019. One of those conditions was to avoid all contact, directly or indirectly, with any person who is or may be a victim or witness in the investigation or prosecution, including witness G.C.

On motion of defendant, acting through defense counsel, the court granted several continuances of the pretrial motions and arraignment deadlines, finding that based on good cause set forth in each of the motions, the ends of justice outweighed the best interests of the public and the defendant in a speedy trial. The cumulative result of these continuances was rescheduling arraignment from the June 4, 2019, term of court to the November 12, 2019, term of court with such time excluded from speedy trial computation under 18 U.S.C. § 3161(h)(7)(A).

At arraignment on November 13, 2019, defendant pleaded not guilty to all charges in the indictment. The next day, the court held telephonic scheduling conference to confer with the parties about a suitable trial date. At conference, upon concurrence of the parties, the court scheduled trial to commence April 6, 2020, with the following noted on the docket, reporting oral waiver of speedy trial rights by defendant:

> Minute Entry for proceedings held before District Judge Louise Wood Flanagan in New Bern, NC Chambers: Telephonic Scheduling Conference as to Furman Alexander Ford held on 11/14/2019 - Assistant U.S. Attorney Ethan Ontjes present for USA - Edward Gray present for defendant - Scheduling matters discussed - Defendant waives speedy trial - Estimated length of trial is 4 days - The parties stipulate and agree that any motions in limine shall be filed by 3/23/2020 - The parties further stipulate and agree to exchange summary evidence pursuant to Rule 1006 of the Federal Rules of Evidence and the production of any documents pursuant to Rule 902(11) will be made by 3/6/2020 - Government may be seeking a superseding indictment within the next 30 days - Jury Selection and commencement of Jury Trial set for 4/6/2020 at 9:30 a.m. - The parties are to be present at 9:00 a.m. for administrative conference with the court - Proposed jury instructions and voir dire due by 3/25/2020. (Tripp, S.) (Entered: 11/14/2019)
>
> <u>Oral Waiver of Speedy Trial by Furman Alexander Ford</u>. (Tripp, S.) (Entered: 11/14/2019)

(Nov. 14, 2019, Docket Entries) (emphasis added).

On November 20, 2019, superseding indictment was returned against defendant, charging him with the same offenses as charged in the original indictment and two additional counts of aggravated identity theft, in violation of 18 U.S.C. § 1028A.

Approximately two and a half months later, on February 3, 2020, the probation office petitioned for action on pretrial release, notifying the court that defendant violated the terms of pretrial release by contacting witness G.C. on numerous occasions since summer 2019. The court issued a warrant and defendant was arrested the next day. On February 5, 2020, the government again moved for defendant's detention pending trial. At detention hearing on February 11, 2020, the court granted the government's motion.

On March 4, 2020, defendant, through counsel, moved to continue his trial, representing that counsel had received significant discovery since February 15, 2020, and that counsel would require additional time to review and discuss this newly produced evidence with defendant. The court granted the motion and continued trial to August 24, 2020, finding the ends of justice served by the continuance outweighed the best interests of the public and the defendant in a speedy trial. The court excluded the continuance from speedy trial computation pursuant to 18 U.S.C. § 3161(h)(7)(A).

On June 23, 2020, the federal public defender moved to withdraw, alerting the court that he had recently discovered a conflict of interest that would arise if he continued to represent defendant. After further briefing, the court granted counsel's motion and directed appointment of new counsel from the court's panel of approved attorneys. Defendant's current attorney entered notice of appearance on June 25, 2020. The instant motion followed.

**COURT'S DISCUSSION**

A.   Speedy Trial Computation

"In any case in which a plea of not guilty is entered, the trial of a defendant . . . shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in

which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). "[I]f a defendant has appeared before a judicial officer in connection with a charge before the indictment is filed, the filing of the indictment starts the 70-day period. If prosecution originates with an indictment, the period runs from the defendant's first appearance after indictment." United States v. Carey, 746 F.2d 228, 229 n.1 (4th Cir. 1984).

The Speedy Trial Act provides several different exclusions from the 70-day time period, two of which the court recently had occasion to address under similar circumstances with respect to a Speedy Trial Act challenge in United States v. Rizzuto, No. 5:18-CR-352-FL-1, 2020 WL 2081438, at *4–*5 (E.D.N.C. Apr. 30, 2020) and United States v. Fields, No. 5:16-CR-266-FL-1, 2020 WL 1641285, at *6 (E.D.N.C. Apr. 2, 2020).

First, the court excludes "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." 18 U.S.C. § 3161(h)(1)(D). This exception excludes from speedy trial calculations "the period between [a pretrial motion's] filing and its resolution." United States v. Riley, 991 F.2d 120, 124 (4th Cir. 1993).

Second, the court may exclude from speedy trial computation "[a]ny period of delay resulting from a continuance granted by any judge on [her] own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of [her] findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).

In granting an exception under the "ends of justice" provision, the court must make findings based on several factors, including "[w]hether the failure to grant such a continuance in the

proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice." 18 U.S.C. § 3161(h)(7)(B)(i). The court also may consider whether proceeding "would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence."[1] 18 U.S.C. § 3161(h)(7)(B)(iv). "The court is only required to state its findings on the record by the time it rules on the defendant's motion to dismiss; however, it must be 'clear from the record that the court conducted the mandatory balancing contemporaneously with the granting of the continuance.'" United States v. Henry, 538 F.3d 300, 304 (4th Cir. 2008) (quoting United States v. Keith, 42 F.3d 234, 237 (4th Cir. 1994)); see United States v. Mir, 525 F.3d 351, 358 (4th Cir. 2008). "The best practice, of course, is for a district court to put its findings on the record at or near the time when it grants the continuance." Zedner v. United States, 547 U.S. 489, 507 n. 7 (2006).

In Henry, the district court denied defendant's motion to dismiss for speedy trial violation, reasoning "that the 103–day continuance ordered on March 24, 2006, could be excluded from the speedy trial calculation as an ends-of-justice continuance based on counsel's need for additional time to prepare for trial." 538 F.3d at 304. The Fourth Circuit reversed the lower court's ruling, noting that, at scheduling conference, "the district court focused on the speedy trial waivers and the schedules of counsel and the court." Id. at 305–06.

"[A] defendant may not prospectively waive the application of the [Speedy Trial] Act." Zedner, 547 U.S. at 500. Evaluating the text, purpose, and legislative history of § 3161, the

---

[1] For example, delay reasonably necessary to allow defendant the opportunity to prepare and file pretrial motions is excludable from speedy trial computation, provided that the court make specific findings required under (h)(7). See Bloate v. United States, 559 U.S. 196, 214 (2010); United States v. Jarrell, 147 F.3d 315, 318 (4th Cir. 1998).

Supreme Court has held that, because the public and the defendant jointly share an interest in a speedy trial, defendant may not unilaterally waive that right. See id. at 500–02. "Conspicuously, § 3161(h) has no provision excluding periods of delay during which a defendant waives the application of the Act, and it is apparent from the terms of the Act that this omission was a considered one." Id. at 500. Indeed, only "[f]ailure of the defendant to move for dismissal prior to trial or entry of a plea of guilty or nolo contendere shall constitute a waiver of the right to dismissal under this section." United States v. Mosteller, 741 F.3d 503, 506 (4th Cir. 2014) (emphasis in original) (quoting 18 U.S.C. § 3162(a)(2)).

As reflected in the positions of both defendant and the government, there are three periods of time which must be included in the court's speedy trial computation based upon the record in this case. First, the court must include the period between defendant's initial appearance on April 22, 2019, and his first motion to continue arraignment and trial on May 22, 2019, totaling **30 days**. Second, the court must include the period from defendant's arraignment on November 13, 2019, through the date of the telephonic trial scheduling conference on November 14, 2019, totaling **1 day**. Third, the court must include in speedy trial computation the period from November 14, 2019, to March 4, 2020, totaling **111 days.**[2]

The third and dispositive period of time included in the court's speedy trial computation is that delay made in reliance upon defendant's invalid prospective waiver of his rights under the

---

[2] While not determinative of issues raised in the instant motion, the court's May 22, 2019, continuance order also could be interpreted reasonably to exclude from the Speedy Trial Act calculation only that time after the originally scheduled arraignment date of June 4, 2020, rather than all of the time after the continuance order. Likewise, the court's March 6, 2020, continuance order could be construed as excluding from speedy trial computation the period from April 6, 2020, to August 24, 2020. The parties also appear to neglect the exclusion of speedy trial time between filing and disposition of pretrial motions pursuant to § 3161(h)(1)(D): April 22–26, 2019, May 22, 2019, February 5–11, 2020, March 4–6, 2020, and March 12, 2020. If those calculations were adopted in the alternative, this first included period of time would span 37 days instead of 30 days, and the third included period of time would span 133 days instead of 111 days.

Speedy Trial Act. As noted in Zedner, defendant may not prospectively waive his speedy trial rights. Also, as in Henry, the court cannot make a post-hoc finding that the ends of justice were served by the delay in scheduling defendant's trial then for April 6, 2020, where it is not "clear from the record" in the form of the court's minute entry entered November 14, 2019, "that the court conducted the mandatory balancing contemporaneously with the granting of the continuance." Henry, 538 F.3d at 304 (quotations omitted).

The court did not in this instance "put its findings on the record at or near the time when it grant[ed] the continuance." Zedner, 547 U.S. at 507 n.7. Rather, the court noted only, with respect to speedy trial computation, that "Defendant waives speedy trial," and that "Scheduling matters discussed." (Nov. 14, 2019, Minute Entry). Under the unique circumstances of this case, it is not "clear from the record" that the court engaged during the scheduling conference in a balancing of the factors under 18 U.S.C. § 3161(h)(7)(A), 18 U.S.C. § 3161(h)(7)(B)(i), and 18 U.S.C. § 3161(h)(7)(B)(iv). Henry, 538 F.3d at 304 (quotations omitted). Accordingly, except where the pretrial motions exclusion applies, the entire time between the scheduling conference on November 14, 2019, and the trial date then set for April 6, 2020, is not properly excludable from the speedy trial computation on the basis of defendant's waiver noted on the docket. Rather, the period of delay between telephonic scheduling conference and defendant's initial trial date will be included in the court's speedy trial calculations.

In sum, based on the parties' computations, approximately 142 included days have elapsed between defendant's initial appearance and his trial. As this exceeds the statutorily mandated number of 70 included days, see 18 U.S.C. § 3161(c), a violation of the Speedy Trial Act has occurred.

B.  Dismissal

"If a defendant is not brought to trial within the time limit required by section 3161(c) as extended by section 3161(h), the information or indictment shall be dismissed on motion of the defendant." 18 U.S.C. § 3162(a)(2). "In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice." Id. As the language of the Speedy Trial Act indicates, the court must make factual findings or consider evidence in the record as pertinent to the relevant statutory factors. United States v. Taylor, 487 U.S. 326, 343–44 (1988). In evaluating the facts and circumstances of the case, "a district court should consider, among other factors, the party responsible for the delay," a defendant's own contribution to the delay, and prejudice to defendant and the government. Bloate, 559 U.S. at 214–15.

The court finds that the offenses for which defendant is indicted, involving 11 counts of mail fraud, 11 counts of wire fraud, and two counts of aggravated identity theft are serious offenses. (See Superseding Indictment (DE 35) ¶¶ 7–16). The offenses of mail fraud and wire fraud subject defendant to a statutory maximum term of imprisonment of 20 years, while aggravated identity theft imposes a term of imprisonment of two years consecutive to any other term of imprisonment. 18 U.S.C. §§ 1028A(a)(1), 1341, 1343. Likewise, the instant offenses expose defendant to hundreds of thousands of dollars in potential fines and restitution. See 18 U.S.C. §§ 3571(b)(3), (d), 3663, 3663A, 3664; (Superseding Indictment (DE 35) ¶¶ 7–16). The facts of the instant case further demonstrate the severity of defendant's alleged conduct, where he stands accused of defrauding a 72-year-old victim of approximately $246,000.00 of his or her

variable annuity trust. (See Superseding Indictment (DE 35) ¶¶ 1–6). Defendant argues that "[w]hile any felony charge is significant, the offenses alleged in the indictment are non-violent." (Mot. to Dismiss (DE 63) at 6). Defendant's appeal to the nonviolent character of the charged criminal conduct is unpersuasive for the reasons discussed by the court. The severity of the offenses charged in this case weighs in favor of dismissal without prejudice.

Turning to the facts and circumstances of this case which lead to dismissal, the court finds that the government is not at fault for a speedy trial violation in the instant case. Defense counsel orally waived defendant's speedy trial rights at administrative conference on November 14, 2019, and the court relied upon that waiver without memorializing on the record a balancing of the statutory factors under 18 U.S.C. § 3161(h)(7)(A), 18 U.S.C. § 3161(h)(7)(B)(i), and 18 U.S.C. § 3161(h)(7)(B)(iv). Such waiver was insufficient to exclude the time from speedy trial computation, based upon Zedner. However, speedy trial time was otherwise meticulously documented and observed by the court, including in findings made with each request for continuance made by the parties. The fact that the speedy trial violation in this case was triggered by the oral waiver made by defendant's counsel, upon which the court relied, is a significant factor weighing in favor of dismissal without prejudice.

Additional facts and circumstances also favor a dismissal without prejudice. Although this case would have been pending for almost 16 months by the time of the currently scheduled trial date, a significant amount of that passage of time was due to motions for continuance by defendant to enable counsel and defendant to evaluate the case, review discovery, and engage in plea negotiations, among other reasons articulated in defendant's motions. (DE 21 ¶¶ 5, 6; see also DE 23, 27, 49). In addition, while the court directed the parties to file requests for jury instructions seven days prior to arraignment where the parties "do not contemplate need for delay between

arraignment and trial," (DE 13 at 1), defendant did not do so in this case, thus suggesting that defendant was not prepared to proceed to trial at the time of telephonic conference on November 14, 2019. (See id. at 2 n. 1).

Defendant argues that he is not "directly" responsible for the delay in this case by pro se conduct of firing multiple attorneys or filing "independent" pro se motions to frustrate the process. (Mot. to Dismiss (DE 63) at 7). While certainly expedient for defendant to claim that he is not "directly" responsible for his counsel's representations or that he did not take "independent action" that caused a violation of the Speedy Trial Act, (Mot. to Dismiss (DE 63) at 7), such procedural gamesmanship is unpersuasive because it does not meaningfully distinguish the source of the speedy trial violation in this case from Fields or Rizzuto.[3] See Rizzuto, 2020 WL 2081438, at *7 ("[T]he fact remains that the reason for the speedy trial violation in this case is that defendant offered a waiver of speedy trial rights, and the court relied upon that offer of a waiver in setting a trial date."); Fields, 2020 WL 1641285, at *8 ("[H]olding the government responsible for delays arising from defendant's attorney-client relationship[] is contrary to the purposes of the Speedy Trial Act."). At telephonic scheduling conference, defendant could have insisted upon enforcement of his rights under the Speedy Trial Act. Instead, defendant offered an invalid waiver of his speedy trial rights, the court relied upon that offer of a waiver in setting a trial date, and now defendant seeks a "windfall" — dismissal of the charges against him with prejudice for a speedy trial act violation induced by his own invalid waiver. See Bloate, 559 U.S. at 214. For the

---

[3] In similar vein, defendant argues that his speedy trial violation was "exacerbated" by continuance of his trial from April 6, 2020, to August 24, 2020. However, defense counsel requested such continuance on March 4, 2020, to review extensive discovery received from the government since February 15, 2020. (DE 49 ¶ 6). Accordingly, the ends of justice furthered by the challenged continuance outweighed the best interests of defendant and the public in a speedy trial. (DE 50 at 1).

foregoing reasons, the facts and circumstances leading to the speedy trial violation weigh in favor of dismissal without prejudice.

Finally, the court finds that the impact of a reprosecution on the administration of the Speedy Trial Act and on the administration of justice weigh in favor of dismissal without prejudice. In light of multiple continuances at defendant's behest, as well as this court's reliance upon defendant's oral waiver of speedy trial, the interests of justice favor allowing the government to proceed with prosecution of the defendant. Furthermore, while defendant argues that he has been prejudiced by being detained five months in county custody pending trial, defendant would not have been detained had he not violated conditions of pretrial release by repeatedly contacting a prospective trial witness.

Weighing all pertinent factors under § 3162(a)(2), the court finds that dismissal without prejudice is appropriate in the instant case. As such, reprosecution will be allowed.[4] See United States v. Thomas, 705 F.2d 709, 710–11 (4th Cir. 1983).

## CONCLUSION

On defendant's motion to dismiss all charges with prejudice under the Speedy Trial Act (DE 63), pursuant to 18 U.S.C. § 3162(a)(2), the superseding indictment against defendant (DE 35) is DISMISSED WITHOUT PREJUDICE. The motion is GRANTED IN SUCH PART, and DENIED IN THAT PART seeking dismissal with prejudice, for reasons given. The clerk is DIRECTED to close this case. The court retains jurisdiction in this matter solely to determine the

---

[4] Defendant's alternative constitutional arguments, asserted in summary form, do not warrant a different result. For the reasons set forth in analysis of the Speedy Trial Act violation, factors bearing on Sixth Amendment analysis weigh in favor of finding no constitutional violation. In particular, the reason for the delay grounded in defendant's ineffective waiver, the absence of prejudice, defendant's delay in asserting a constitutional violation, and the overall length of time of this case impacted significantly by motions filed by defendant, preclude a finding of a violation of a Sixth Amendment right to speedy trial and assistance of counsel. See Barker v. Wingo, 407 U.S. 514, 530 (1972); United States v. Hopkins, 310 F.3d 145, 149 (4th Cir. 2002).

following issue of defendant's release. Anticipating inquiry by the United States Marshals Service whether defendant should now be released, the court allows the government until the close of business tomorrow, **Wednesday, July 8, 2020,** to show cause, if any, why defendant should be maintained in custody, and should any cause be attempted, defendant has until **Thursday, July 9, 2020,** to respond. When briefing is concluded the court will take up and decide this question.

SO ORDERED, this the 7th day of July, 2020.

_____
LOUISE W. FLANAGAN
United States District Judge